UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Residential Funding Company, LLC, a Delaware Limited Liability Company, GMAC Bank, a Utah Bank, and GMAC Mortgage, LLC, a Delaware Limited Liability Company,<br><br>                Plaintiffs,<br><br>v.<br><br>Prysma Lending Group, LLC, a Connecticut Limited Liability Company,<br><br>                Defendant. | Civil File No. 09-3074 (SRN/JJG)<br><br>**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT** |

The above-entitled matter came before the Court on Plaintiffs Residential Funding Company, LLC ("RFC"), GMAC Bank ("GMACB"), and GMAC Mortgage, LLC's ("GMACM") (collectively "GMAC-RFC") Motion for Default Judgment [Doc. No. 30]. Based upon all the files and proceedings herein, the Court makes the following:

**FINDINGS OF FACT**

1. GMAC-RFC is engaged, among other things, in the business of purchasing residential mortgage loans.

2. Prysma is engaged, among other things, in the business of originating, processing, underwriting, closing and selling residential mortgage loans.

3. On or about January 28, 2008, GMAC-RFC entered into a Client Contract with Prysma, which set forth the terms and conditions for sales to GMAC-RFC of

143306.1

residential mortgage loans originated by Prysma. The Client Contract identified Prysma as the Client.

4. The Client Contract incorporated the terms and conditions of GMAC-RFC's Client Guide, which applied to the sale of loans from Prysma to RFC.

5. The Client Contract also incorporated the terms and conditions of GMACB and GMACM's Correspondent Manual, which applied to the sale of the loans from Prysma to GMACB and GMACM.

6. In the Client Contract, Client Guide and Correspondent Manual (collectively, the "Contract"), Prysma represented and warranted, *inter-alia*, that the loans it sold to GMAC-RFC were of investment quality, had been prudently originated and had been properly underwritten.

7. Prysma agreed that a violation of the Contract's representations and warranties would trigger repurchase and/or indemnification obligations for all such loans. Such violations include any misrepresentation by any person or entity involved in the loan originating, underwriting or documentation process, and includes misrepresentation, the disclosure of untrue information, the disclosure of incomplete information and inaccurate information, or the failure to disclose material information, regardless of whether or not Prysma was a party to or actually had knowledge of such information.

8. In February 2009 and August 2009, GMAC-RFC sent repurchase letters to Prysma demanding that Prysma repurchase the five residential mortgage loans (the "Subject Loans") pursuant to the terms of the Contract. GMAC-RFC identified reasons for the repurchase demands associated with the five Subject Loans including, *inter-alia*,

143306.1

breaches of representations and warranties by Prysma in the form of employment misrepresentation, income misrepresentation, transaction misrepresentation, appraisal misrepresentation, asset misrepresentation, occupancy misrepresentation and undisclosed debt. In addition, Prysma also owes for outstanding GMACM receivables in the amount of $6,756.11.

9. Despite GMAC-RFC's repurchase demands to Prysma, Prysma has refused to repurchase or make GMAC-RFC whole for the five Subject Loans.

10. Pursuant to the Contract, GMAC-RFC is entitled to attorneys' fees incurred in enforcing the Contract.

11. As of May 31, 2011, the repurchase amount due to GMAC-RFC is $2,072,933.52.

12. In an attempt to enforce the Contract between the parties, GMAC-RFC has incurred $54,120.80 in attorneys' fees. This amount is both fair and reasonable in light of the current stage of the litigation.

13. On March 9, 2011, Prysma's counsel filed a Motion to Withdraw as Attorney Without Substitution.

14. By Order dated April 6, 2011, Magistrate Judge Graham granted the Motion and stated that if Prysma did not secure substitute counsel by April 29, 2011, GMAC-RFC may seek default.

15. On May 11, 2011, GMAC-RFC applied for and was granted an Entry of Default by the Clerk of Court due to Prysma's failure to obtain substitute counsel.

16. On June 7, 2011, GMAC-RFC filed the instant Motion for Default Judgment [Doc. No. 30]. Also on June 7, 2011, Counsel for GMAC-RFC served notice by mail of the hearing, the Motion for Default Judgment, and the accompanying memorandum on the last known address of Prysma's registered agent. (Certificate of Service [Doc. No. 33].) GMAC-RFC's counsel also avers that after receiving the Motion for Default Judgment and with awareness of this Motion, Prysma's business people contacted Plaintiffs in an effort to resolve the dispute.

## CONCLUSIONS OF LAW

1. Prysma had a contractual duty to only sell loans to GMAC-RFC consistent with the terms and conditions of the Contract.

2. Prysma breached the Contract when it sold the Subject Loans to GMAC-RFC.

3. Prysma also breached the Contract by not paying the contractual pair off fee to GMAC-RFC.

4. Prysma has a contractual duty to repurchase or make GMAC-RFC whole for the Subject Loans.

5. Prysma's refusal to repurchase or make GMAC-RFC whole for the Subject Loans and satisfy its pair off fees constitutes a breach of contract.

6. As a result of Prysma's breach of the Contract, GMAC-RFC is entitled to contract damages of $2,072,933.52 and reasonable attorneys' fees in the amount of $54,120.80, for a total amount of $2,127,054.32.

7. GMAC-RFC's attorney's fees of $54,120.80 were incurred for legal work performed in the preparation of Rule 26(a) disclosures, service of interrogatories and requests for the production of documents, preparation of expert reports for each of the five loans, and preparation for Rule 30(b)(6) depositions. The Court finds that the requested fees are reasonable.

## ORDER

Based upon the foregoing, **IT IS HEREBY ORDERED:**

1. Plaintiffs' Motion for Default Judgment [Doc. No. 30] is **GRANTED** in its entirety; and

2. Judgment shall be entered in favor of Plaintiffs and against Defendant Prysma Lending Group, LLC in the amount of $2,127,054.32, which is comprised of $2,072,933.52 in contract damages plus $54,120.80 in attorneys' fees.

**THERE BEING NO JUST REASON FOR DELAY, LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT

Dated: July 21, 2011

s/Susan Richard Nelson
Susan Richard Nelson
U.S. District Court Judge

143306.1

5